594 P.2d 115

**The STATE of Arizona, Appellee,**

**v.**

**Robert James CAPPE, Appellant.**

**No. 2 CA–CR 1355.**

Court of Appeals of Arizona, Division 2.

April 10, 1979.

**250**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Donald C. Premeau, Globe, for appellant.

OPINION

HATHAWAY, Judge.

This is an appeal from a conviction for assault with a deadly weapon, A.R.S. § 13–249. The deadly weapon is an automobile, which appellant drove into the victim. We reverse.

Appellant requested instructions on self-defense, specific intent,[1] and inadvertence.[2] At the settlement conference, the self-defense instruction was withdrawn and the other two were denied. After closing argument, the trial judge decided to give the inadvertence instruction. Appellant's counsel objected because he did not know until after closing argument that the instruction would be given; he did not request an opportunity for additional argument. Despite the earlier withdrawal, he also objected generally to the denial of the self-defense instruction.

Regarding intent, in addition to the inadvertence instruction, the jury was instructed in accordance with RAJI Criminal Standard 4[3] and RAJI Crimes 3,[4] and instructed that "[a] deadly weapon is any instrument used in a way likely to cause death or serious physical injury." The jury also was instructed to apply the instructions as a whole, rather than to select one and disregard the others. During its deliberations, the jury inquired about the definition of culpable negligence and whether culpable negligence proves intent. The judge defined culpable negligence, but as to intent, merely referred to the earlier instructions.

Appellant claims the court erred in denying the instructions on self-defense and specific intent and in giving the inadvertence instruction without notifying counsel before closing argument. Before reaching these issues, we consider whether, where the deadly weapon is an automobile, the reference to culpable negligence in the inadvertence instruction was fundamental error.

Assault with a deadly weapon, a specific intent crime, requires the state to prove beyond a reasonable doubt that the accused actually intended to harm the victim. *State v. Balderrama*, 97 Ariz. 134, 397 P.2d 632 (1964). If the deadly weapon is an automobile, the burden is met only if "the vehicle was 'aimed' at the victim with the actual intent to use the automobile as a deadly weapon." *State v. Reim*, 26 Ariz.

---

1. "[T]o sustain a conviction of assault with a deadly weapon in which the alleged weapon is an automobile, there must be evidence that the vehicle was 'aimed' at the victim with the actual intent to use the automobile as a deadly weapon."

2. "[T]he following persons shall not be punished for their acts or omissions: . . . [T]hose who committed : . . [the act] charged through . . . misfortune or by accident, where it appears that there was no evil design, intention, or *culpable negligence.*" (Emphasis added)

3. "The state must prove that the defendant has done an act which is forbidden by law and that he *intended* to do it. You may determine that the defendant *intended* to do the act if he did it voluntarily. The state does *not* have to prove that the defendant *knew* the act was forbidden by law." (Emphasis in original)

4. "Assault with a deadly weapon . . . has two elements.
(1) There must be an attempt to injure another person physically by the use of a deadly weapon, . . . *and*
(2) The defendant must be *able* to cause physical injury." (Emphasis in original)

App. 528, 530, 549 P.2d 1046, 1048 (1976). Proof of culpable negligence or even wanton recklessness in driving the automobile is insufficient. *State v. Chalmers*, 100 Ariz. 70, 411 P.2d 448 (1966).

The inadvertence instruction suggests that appellant could be punished for accidentally striking the victim if he drove with culpable negligence. The jury's inquiries suggest it thought the existence of culpable negligence was relevant to the required intent. The judge's response did not cure this misconception, and none of the prior instructions defined the required specific intent.

RAJI Criminal Standard 4 merely states that appellant must have intended an act forbidden by law, which intent may be inferred if appellant did the act voluntarily. Taken with reference to culpable negligence, the jury may have been misled to erroneously conclude that if appellant voluntarily drove the automobile with disregard for the safety of others, he had the intent necessary to support a conviction for assault with a deadly weapon. See *State v. Mendell*, 111 Ariz. 51, 55, 523 P.2d 79, 83 (1974).

The comment to Criminal Standard 4 states that, when appropriate, it must be supplemented with a specific intent instruction. When the deadly weapon is an automobile, RAJI Crimes 3 is inadequate. For although it requires an attempt to injure, it does not spell out that an attempt requires the specific intent to harm the victim. The jury may have erroneously concluded that by driving with culpable negligence, appellant attempted to physically injure the victim.

The definition of a deadly weapon contributes to the misconception rather than averting it. Driving with culpable negligence is using an automobile "in a way likely to cause death or serious physical injury." The jury may have erroneously concluded that because an automobile is a deadly weapon when driven with culpable negligence, appellant had the intent required to convict him of assault with a deadly weapon.

The failure to give an instruction on specific intent constituted reversible error. The instruction on inadvertence, which allowed the jury to find appellant guilty for driving with culpable negligence, constituted fundamental error since it would allow the jury to convict him without the required intent. *State v. Chalmers*, supra.

We reverse and remand for a new trial.

RICHMOND, C. J., and HOWARD, J., concurring.