659 P.2d 655

**The STATE of Arizona, Appellee,**

v.

**Fernando F. ROMERO, Appellant.**

**No. 2 CA–CR 2482.**

Court of Appeals of Arizona,
Division 2.

Oct. 5, 1982.

Rehearing Denied Nov. 17, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellee.

Dean A. Sipe, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Following an indictment on charges of first degree burglary, theft and aggravated assault, and a jury trial, appellant Romero was found guilty of first degree burglary, theft of property with value of more than $100 but less than $1,000 and aggravated assault with an allegation of a dangerous nature. Romero was sentenced to serve concurrent terms of 5¼ years, two years, and five years respectively.

Testimony at trial revealed that around 3:00 p.m. on March 2, 1981, the neighbor of a burglary victim observed what appeared to be a burglary in progress at his neighbor's house and he called the police. Two officers arrived in time to see Romero and an accomplice standing in the yard next to the victim's house with stereo equipment in their hands. The officers approached Romero and his accomplice and identified themselves. Romero put the stereo equipment down, shoved one of the officers and ran past him into the carport area. The officer chased him and when he saw Romero reach into his belt for a holstered pistol and point it, still in the holster, at him, he drew his service revolver and fired three shots. One of the shots hit Romero in the hand causing him to drop the weapon he was holding. Romero was then taken into custody and another officer retrieved Romero's pistol, still in its holster, from the ground a short time later. Upon examining the firearm to determine if it was loaded, the officer discovered and removed one bullet from the chamber. The firearm and stereo equipment were later identified as belonging to the burglary victim. At trial, Romero testified that he had removed all of the bullets from the weapon before he put it into his belt.

The first issue Romero raises on appeal is whether the trial court should have precluded any reference at trial to the fact that a bullet was found in the chamber of the firearm he took from the victim's house. Romero's contention is that the state did not show a continuous chain of custody between the time the firearm was dropped and when it was retrieved by the police officer a short time later.

Although Romero does not dispute the fact that the weapon was taken from the victim's house, he argues that in view of the lack of a continuous chain of custody from the time he dropped it until it was retrieved, together with his testimony that he removed all of the bullets, it would have been possible for a bystander to tamper with the gun and so all reference to the bullet should have been excluded. The state contends that lack of a continuous chain of custody under these circumstances goes to the weight of the evidence but does not affect its admissibility. We agree.

In *State v. Greenawalt,* 128 Ariz. 388, 626 P.2d 118 (1981), the Arizona Supreme Court rejected the idea that only the weapons actually shown to have been used in an assault should be admissible as evidence at trial, and held admissible all the weapons found near the place where the accused were apprehended.

This court has recently held that the lack of positive identification of money found on a defendant did not prevent the money from being admissible at trial but affected

only the weight of the evidence. *State v. Skelton*, 129 Ariz. 181, 629 P.2d 1017 (1981).

■ The second issue raised by Romero is whether or not it was error for the trial court to deny his motion for a directed verdict on the charge of first degree burglary. He claims that he was entitled to a directed verdict because he was unarmed when he entered the victim's home and the only weapon he had was one taken during the course of the burglary, thus, he argues, he was not "armed" with a deadly weapon within the meaning of A.R.S. § 13–1508(A), which provides:

"A. A person commits burglary in the first degree if such person or an accomplice violates the provisions of either § 13–1506 or 13–1507 and is armed with explosives, a deadly weapon or a dangerous instrument in the course of committing any theft or any felony."

His argument proceeds on the idea that the legislature did not intend to include within the definition of first degree burglary the situation where the accused was unarmed except for a weapon taken during the commission of the crime. He cites as authority *Sanders v. State*, 352 So.2d 1187 (Fla.App. 1977), cert. den., 362 So.2d 1056 (1978). In *Sanders*, the court interpreted Florida's statutory definition of first degree burglary to exclude the case where the defendant enters a structure unarmed and takes a firearm but no other items during the course of the burglary. However, this interpretation has been rejected by other Florida courts. See *Mills v. State*, 400 So.2d 516 (Fla.App.1981); *Fowler v. State*, 375 So.2d 879 (Fla.App.1979). In both *Mills* and *Fowler* the court held that where the accused took possession of a weapon belonging to the victim during the course of the burglary, he could be convicted of burglary while armed under the Florida statute which makes it burglary of the first degree if the accused is armed or arms himself during the burglary. Although our statute is not the same as Florida's, we believe a person can become armed with a deadly weapon even if the weapon is one taken during the course of the burglary. Thus

Romero's motion for a directed verdict on the charge of first degree burglary was properly denied. *State v. Mosley*, 119 Ariz. 393, 581 P.2d 238 (1978).

■ The third issue raised by Romero on appeal involves the propriety of the trial court's refusal to give the following jury instructions:

"DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

You are instructed that after considering all the evidence and the instructions of the Court in this case, you have in your minds merely a suspicion or a mere probability has appeared to you or a supposition that the Defendant may have committed the offense here charged against him, you must render a verdict of Not Guilty. It is the law that no verdict of guilty can stand on mere suspicion, probabilities or supposition, for these do not warrant a conviction."

"DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

When it appears that a Defendant has committed a crime or public offense, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he may be convicted of the lowest of such degrees only."

■ Although the requested instructions numbered 1 and 3 are accurate statements of the law in Arizona, we find that these points were adequately covered by instructions which the court gave to the jury. An accused is not entitled to have his own instructions read to the jury if the instructions given adequately express the same idea. *State v. Printz*, 125 Ariz. 300, 609 P.2d 570 (1980); *State v. Cookus*, 115 Ariz. 99, 563 P.2d 898 (1977); *State v. Altman*, 107 Ariz. 93, 482 P.2d 460 (1971); *State v. Cannon*, 133 Ariz. 216, 650 P.2d 1198 (1982).

■ Romero also contends that the court erred in refusing to instruct the jury that the theft of a gun after entering a structure, standing alone, is insufficient to establish burglary while armed with explosives, a deadly weapon or a dangerous instrument.

We find this instruction was properly refused because it does not accurately reflect the law in Arizona. A person is "armed" with a deadly weapon when such weapon is within his immediate control and available for use in the crime. *State v. Herkshan,* 105 Ariz. 394, 465 P.2d 587 (1970).

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.