697 P.2d 341

**The STATE of Arizona, Appellee,**

v.

**Juan Romero NORIEGA, Appellant.**

**No. 2 CA–CR 3443.**

Court of Appeals of Arizona,
Division 2.

Nov. 15, 1984.

Review Denied March 19, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

John D. Kaufmann, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was found guilty by a jury of trafficking in stolen property in violation of A.R.S. § 13–2307 and was sentenced to a presumptive term of five years' imprisonment. He was tried with a co-defendant, Manuel H. Ochoa. Both appellant and his co-defendant were arrested as a result of a "sting" operation in Tucson conducted by the Department of Public Safety. Appellant contends that the trial court erred in instructing the jury on the elements of the crime. We agree and reverse.

A.R.S. § 13–2307 states:

"A. A person who *recklessly* traffics in the property of another that has been stolen is guilty of trafficking in stolen property in the second degree." (Emphasis added)

A.R.S. § 13–105(5)(c) defines "recklessly" as follows:

"... that a person is *aware of* and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists...."

The trial court instructed the jury on the elements of the crime. It stated:

"A person who recklessly traffics [sic] in the property of another that the defendant knows, *or should have known* has been stolen, is guilty of trafficking in stolen property in the second degree.

Recklessly means with respect to a result or to a circumstance described by a statute defining an offense that a person is aware of, and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstances exist. . . ." (Emphasis added)

As observed in the historical note, the statute was amended to its present form in 1978. The amendment substituted "recklessly" for "knowingly" in subsection A. The historical note further observes that the statute was based on the Model Theft and Fencing Act as proposed by G. Blakey and M. Goldsmith, Criminal Redistribution of Stolen Property: The Need for Law Reform, 74 Mich.L.Rev. 1511–1626 (1976). In this law review article, the authors note the difficulty in basing the appropriate mens rea on "knowledge" as did the Arizona statute prior to the 1978 amendment:

"(i) *The appropriate mens rea.* Although the term 'knowledge' suggests an actual awareness of attendant circumstances, if 'receiving statutes required absolute certainty, there would be few convictions, for one seldom knows anything to a certainty and the receiver in particular is careful not to learn the truth.' Accordingly, most jurisdictions require the prosecution to show only that the defendant believed the goods were stolen, not that he knew this fact with certainty. Even when framed in these terms, however, jurisdictions have been unable to agree whether an objective test or subjective test of knowledge or belief is appropriate.

Since prosecutors face difficult evidentiary burdens, some mitigation of the stringent subjective test is warranted. Indeed, the sophistication of modern fencing operations compounds the difficulties already inherent in proving even a defendant's *belief* as to whether his goods are stolen. A possible response to these difficulties would be the adoption of the less confining objective test. Such a standard for criminal liability might be appropriate if it were limited to retail and wholesale dealers.

A better reform, however, would be the adoption of a recklessness standard, under which a defendant would have a culpable state of mind if it were established that he purchased goods despite being aware of a substantial risk that the property had been stolen. Use of a reckless test would permit partial reconciliation of two somewhat conflicting aims of the criminal law. First, by applying a subjective test, a recklessness standard would hold the prosecution to a higher burden of proof than would an objective test, thus limiting criminal punishment to only particularly blameworthy conduct. Second, such a standard although not as favorable to the prosecution as an objective test, would facilitate the prosecution and conviction of fences since authorities would not be required to prove actual knowledge." (Emphasis in original) 74 Mich.L.Rev. at 1559–61.

The standard used by the trial court here was an objective standard and, as observed by Blakey and Goldsmith, places a lesser burden of proof upon the prosecution than does the recklessness test. The instruction given by the trial court was erroneous, conflicting, confusing and requires reversal.

■ In view of the disposition of this case, there is only one other issue presented by appellant which we need answer. He argues that he was denied effective assistance of counsel because his counsel failed to move for a new determination of probable cause, Rule 12.9(b), Arizona Rules of Criminal Procedure, 17 A.R.S., based on certain statements made by a law enforcement officer before the grand jury. Apparently this officer testified differently at trial than he did before the grand jury. Assuming that this argument were even available at this stage of the proceedings, it is based on pure hindsight and does not begin to reach the standards of incompetency set forth in State v. Watson, 134 Ariz. 1, 653 P.2d 351 (1982). See also State v. Lee, 142 Ariz. 210, 689 P.2d 153 (1984).

Reversed.

BIRDSALL, C.J., and HATHAWAY, J., concur.