715 P.2d 766

The STATE of Arizona, Appellee,

v.

Lee Artis BEFFORD, Appellant.

No. 2 CA–CR 3883–2.

Court of Appeals of Arizona, Division 2, Department B.

July 24, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Joseph T. Maziarz, Phoenix, for appellee.

Charles L. Weninger, Tucson, for appellant.

OPINION

LIVERMORE, Judge.

Defendant appeals from his conviction of burglary in the first degree and presumptive sentence of 12.5 years' imprisonment (enhanced because of a prior conviction and because this offense was committed while on pretrial release from other charges). The evidence established that defendant and an accomplice entered a house and placed a number of items, including an unloaded shotgun in a case, near the front door. The two men then left the house and were arrested a short distance away. Defendant admits his guilt of burglary in the second degree but contends that this evidence is insufficient to establish, under A.R.S. § 13–1508, that during the burglary he or his accomplice were "armed with ... a deadly weapon ... in the course of committing any theft." We disagree and affirm.

Defendant recognizes that our decision in *State v. Romero*, 135 Ariz. 102, 105, 659 P.2d 655, 658 (App.1982), permits conviction of burglary in the first degree when the firearm was obtained during the burglary so long as it was within the burglar's "immediate control and available for use in the crime." He contends, however, that because the shotgun was within a case it was not within the immediate control of him or his accomplice. "Immediate control" is not defined in such a perverse way. If it is "available for use," it is within his "immediate control," given the legislative purpose to deter "recourse to means of violence on the part of burglars." Report of Arizona Criminal Code Commission 161 (1975). Nor is this result changed by the defense to the offense of concealing a weapon in a means of transportation under A.R.S. § 13–3102 that the weapon was in a case or holster. This was simply a legislative recognition that carrying a weapon in something designed to house it was not a means of concealment. It was not a legislative judgment that such cases or holsters

removed the weapon from the possessor's immediate control. Were it otherwise, one could carry a holstered pistol during a burglary and escape liability for being armed, an obvious absurdity.

Defendant's second argument is that even if he was armed it was not in the course of committing any theft because no theft was committed. Because theft is complete once control is exercised over property with the intent to deprive, whether or not the property is carried away, Report of Arizona Criminal Code Commission 179 (1975); *State v. Yarbrough*, 131 Ariz. 70, 638 P.2d 737 (App.1981), it is clear on the facts of this case that theft had been committed. Even were the offense not complete, we believe the language of A.R.S. § 13–1508 would still reach this conduct. As originally drafted, that section applied to those armed "in the course of committing the offense." Report of Arizona Criminal Code Commission 158 (1975). This was changed by the legislature to read "in the course of committing any theft or any felony." While we do not have the benefit of any legislative history, that the legislature intended to reach being armed while seeking to commit a theft or other felony, even if the felony was not completed, is indicated by the definition of "in the course of committing" in A.R.S. § 13–1501, a phrase used only in § 13–1508. That definition is "any acts performed by an intruder from the moment of entry to and including flight from the scene of the crime." To give that section its natural meaning and to fulfill the purpose of § 13–1508 to deter armed burglars, "in the course of committing any theft or any felony" must be construed to mean that period between entry and flight during which a larcenous or other felonious purpose is being pursued.

The judgment and sentence are affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.