715 P.2d 761

**STATE of Arizona, Appellee,**

v.

**Lee Artis BEFFORD, Appellant.**

**No. 6698–PR.**

Supreme Court of Arizona,
En Banc.

March 13, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Joseph T. Maziarz, Asst. Attys. Gen., Phoenix, for appellee.

Charles L. Weninger, Tucson, for appellant.

HAYS, Justice

After a jury trial, defendant, Lee Artis Befford, was convicted of one count of burglary in the first degree, A.R.S. § 13–1508(A). The trial court sentenced defendant to the presumptive term of 12.5 years and ordered that the sentence run concurrently with that received in another case. The judgment of conviction and sentence were affirmed by the Court of Appeals in State v. Befford, 148 Ariz. 513, 715 P.2d 766 (1985).

Defendant petitioned this court for review, maintaining that the trial court erred in denying defendant's motion for a directed verdict on the first-degree burglary charge. We granted review and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 13–4035.

The facts are not in dispute. On the evening of August 20, 1984, defendant and an accomplice, Anthony Biddle, unlawfully entered the victim's residence. Approximately ten minutes later, plainclothes police officers observed the two climb out of a front window of the house, get into their car and drive away. When police entered the residence, they observed that it had been ransacked, and that several items of value had been placed near the front door. Included among the items was the victim's unloaded .12-gauge shotgun in a zippered case. The two men were arrested a short distance from the residence.

Defendant was charged with first-degree burglary and subsequently convicted of the same. Allegations of a prior conviction and that the offense was committed while defendant was on pretrial release from other charges were also filed. A.R.S. § 13–604(B) and § 13–604(M).

In his petition, defendant claims that it was error for the trial court to deny his motion for a directed verdict on the first-degree burglary charge as the evidence was legally insufficient to support such a finding. Specifically, defendant argues that he was entitled to a directed verdict because an unarmed burglary cannot be elevated to an armed burglary when the evidence merely shows that defendant stole a gun, as part of his loot, during the course of the burglary. Under such facts, defendant maintains he was not "armed" with a deadly weapon within the meaning of A.R.S. § 13–1508(A). We agree.

In Arizona, the burglary of a residential structure is normally a second-degree felony under A.R.S. § 13–1507. However, if the perpetrator is "armed with explosives, a deadly weapon or a dangerous instrument" in the course of committing the crime, it becomes a first-degree felony. A.R.S. § 13–1508(A). What constitutes a deadly weapon is defined by A.R.S. § 13–105(9) and specifically includes a firearm. A.R.S. § 13–105(12) further defines firearm to include "any loaded or unloaded pistol, revolver, rifle, shotgun...." Thus, the fact that the shotgun was unloaded does not preclude its status as a deadly weapon. Therefore, the question we must decide is whether defendant "armed" himself within the meaning of our first-degree burglary statute.

In the present case, the state relies on State v. Romero, 135 Ariz. 102, 659 P.2d 655 (App.1982). In Romero, the defendant

stole a pistol and holster during the burglary of a residence. He apparently stuck the pistol and holster inside his belt. When police arrived on the scene, Romero pulled the gun, still in its holster, and pointed it at an officer. He was subsequently convicted of first-degree burglary. On appeal, Romero contended that he could not be "armed" within the meaning of A.R.S. § 13–1508(A) because the only weapon he had was the pistol he had stolen during the course of the burglary. The court held that under the Arizona statute "a person can become armed with a deadly weapon even if the weapon is one taken during the course of the burglary." *State v. Romero*, 135 Ariz. at 104, 659 P.2d at 657. Further the court defined "armed" by stating: "A person is 'armed' with a deadly weapon when such weapon is within his immediate control and available for use in the crime." *State v. Romero*, 135 Ariz. at 105, 659 P.2d at 658, citing *State v. Herkshan*, 105 Ariz. 394, 465 P.2d 587 (1970) (defendant properly convicted of aggravated battery committed while armed with a gun where pistol was concealed *on his person* and neither used nor revealed during the battery).

We believe the result in *Romero* was a proper application of A.R.S. § 13–1508(A). However, to further hold that a person is also armed when he places a shotgun, in its case, next to the door with other items of value he intends to steal, we feel stretches the *Herkshan* definition of "armed" beyond that contemplated by either the legislature or this court.

In the present case, the state urges that the shotgun was in defendant's (or his accomplice's) "immediate control and available for use in the crime." The state bases this argument on the "substantial evidence that either appellant or Biddle had moved the shotgun from the closet to the front door." We do not dispute the fact that the gun was taken from the closet with the intent to permanently deprive the victim of it. However, unlike the facts in *Romero*, we see no evidence that defendant possessed the gun as a "weapon"; rather, he possessed it in the same status he possessed the television sets, jewelry and various other items of value stacked near the door. He possessed them as stolen goods or loot.

Were we to hold otherwise and find that under these facts an armed burglary had occurred, the result would be to classify most every burglary as first degree. For example, A.R.S. § 13–105(7) defines dangerous instrument as "anything that under the circumstances in which it is used, ... is readily capable of causing death or serious physical injury." Therefore, were a perpetrator to steal, as loot, anything such as a valuable hunting knife, a set of tools, a baseball bat, or even a lamp, he could be charged with armed burglary. In fact, most household items, "under the circumstances," could conceivably be used as a deadly weapon.

 We do not believe the legislature intended such a result; neither do we believe it to be warranted under current Arizona case law nor a commonsense interpretation of the statutory language. In order to be "armed" within our burglary statute, a defendant must possess the item considered a deadly weapon or dangerous instrument in such a manner as to indicate his willingness or present ability to use it as a "weapon." *See State v. Romero, supra*. Accordingly, we find that under these facts, defendant was not "armed" with a deadly weapon as that term is used in A.R.S. § 13–1508(A). Defendant therefore could not have been properly convicted of more than second-degree burglary.

In light of our resolution of this matter, we need not consider defendant's other issues on appeal. Defendant's conviction for burglary in the first degree is hereby reduced to a conviction for burglary in the second degree, a class 3 felony. The opinion of the Court of Appeals is vacated and the matter is remanded to the trial court for resentencing.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.