776 P.2d 353

**STATE of Arizona, Respondent,**

v.

**Efrain Corral RENDON, Petitioner.**

**No. CR-88-0350-PR.**

Supreme Court of Arizona,
In Banc.

July 11, 1989.

Robert K. Corbin, Atty. Gen., Phoenix by Bruce Ferg, Asst. Atty. Gen., Crim. Div.,

and Stephen D. Neely, Pima County Atty. by Paul Lauritzen, Deputy Pima County Atty., Tucson, for respondent.

Francisco Leon, P.C., Tucson, for petitioner.

CAMERON, Justice.

## I. JURISDICTION

This is a petition for review of an order of the Court of Appeals, Division Two, affirming a denial of relief by the Superior Court of Pima County. We have jurisdiction pursuant to A.R.S. § 13-4231 and Ariz. R.Crim.P. 32, 17 A.R.S.

## II. ISSUES

We must answer two questions on appeal.

1. Does *State v. Williams*, 154 Ariz. 366, 742 P.2d 1352 (1987), apply to the facts in this case?

2. If so, should *State v. Williams* be applied retroactively?

## III. FACTS

The facts necessary for a determination of this matter on appeal are as follows. During the course of a burglary, two rifles and two handguns were taken. Defendant was arrested and charged with burglary while armed, A.R.S. § 13-1508, and theft of property with a value of over $1000, A.R.S. § 13-1802, with two prior non-dangerous felony convictions, A.R.S. § 13-604.

At trial, the court gave the following jury instructions:

> The crime of burglary in the first degree requires proof of two things: One, that the defendant entered or remained unlawfully in a residential or nonresidential structure with the intent to commit a theft or a felony; and two, the defendant or an accomplice was armed with a deadly weapon or dangerous instrument in the course of committing a theft or a felony.
>
> Theft of a gun after entering the structure standing alone is sufficient to estab-

lish that burglary was committed while armed.

The court also gave the following form of verdict which was returned by the jury as follows:

> Only answer the following question if you find the defendant guilty of the above named crime:
>
> We, the Jury, do further find that the crime of Burglary in the First Degree involved the use or exhibition of a deadly weapon or dangerous instrument, to wit: rifles and pistols
>
> X   TRUE BEYOND A REASONABLE DOUBT
>
>    NOT TRUE

Defendant did not object to these instructions. Indeed, the instructions followed those given in a 1982 court of appeals case in which we declined review. *State v. Romero*, 135 Ariz. 102, 659 P.2d 655 (App. 1982).

After being convicted of first degree burglary, defendant appealed. On 6 February 1986, the court of appeals affirmed defendant's conviction. *State v. Rendon*, 148 Ariz. 524, 715 P.2d 777 (App.1986).

A month later, on 13 March 1986, we issued our decision in *State v. Befford*, 148 Ariz. 508, 715 P.2d 761 (1986). In that case, the defendant stole an unloaded shotgun in a zippered case during the course of a burglary, and stacked the gun next to the door with other stolen items. *Id.* at 509, 715 P.2d at 762. We held that this did not raise the burglary to first degree; that is, while armed with a gun. We stated:

> In order to be "armed" within our burglary statute, a defendant must possess the item considered a deadly weapon or dangerous instrument in such a manner as to indicate his willingness or present ability to use it as a "weapon."

*Id.* at 510, 715 P.2d at 763.

A year and one-half later we decided *State v. Williams*, 154 Ariz. 366, 742 P.2d 1352 (1987). In *Williams*, the defendant, in the course of a burglary, used a butcher knife taken from the victim's kitchen to intimidate the owners. We stated:

> An instruction that the "[t]heft of a knife after entering a structure, standing

alone, is sufficient to establish burglary in the first degree" is, ... an incorrect statement of law.

*Id.* at 368, 742 P.2d at 1354.

Following these decisions, which represented a significant change in the law regarding this instruction, defendant brought a petition in the superior court for post-conviction relief pursuant to Ariz.R.Crim.P. 32, 17 A.R.S.

The superior court denied relief and defendant petitioned the court of appeals for review. The court of appeals denied the petition stating:

> ORDERED: It appearing to the Court that petitioner's case is distinguishable from *State v. Williams*, 154 Ariz. 366, 742 P.2d 1352 (1987) in that the jury was instructed that it had to find beyond a reasonable doubt that the crime of first-degree burglary involved the use or exhibition of a deadly weapon or dangerous instrument and therefore the state's burden of proof was not lessened, petitioner's claim for relief under Ariz.R.Crim.P. 32, 17 A.R.S., was without merit and the trial court acted correctly in summarily denying relief. This petition for review is denied.

We granted defendant's petition for review because of what we believed to be a misinterpretation of *Williams* by the court of appeals.

## IV.  DOES *WILLIAMS* APPLY?

■ The difference between first degree burglary and second degree burglary is the possession of a deadly weapon, dangerous instrument, or explosives by defendant during the burglary. A.R.S. §§ 13–1507(A), –1508(A).

■ The state contends, as did the court of appeals, that even though the jury had been incorrectly instructed as to whether petitioner was armed, the jury was properly instructed as to the burden of proof so that defendant was not prejudiced. We do not agree. Under the instruction in this case, the jury did not have to find that the defendant used the gun in such a manner

as to indicate his willingness to use it as a "weapon." *Befford,* 148 Ariz. at 510, 715 P.2d at 763. To convict defendant of first degree burglary, the jury only had to find that the defendant at some time had the gun in his possession for whatever purpose. We believe *Williams* is on point.

In *Williams,* we noted the following:

[T]he erroneous jury instruction precluded the jury from even considering the defendant's willingness or present ability to use the stolen knife as a "weapon." Even though it might be said that the defendant was "armed" when he followed the husband back into the house while holding the butcher knife, under the instruction given the jury did not have to reach that question. The instruction allowed the jury to find that the defendant was "armed" as soon as he picked up the knife, regardless of the reason for which the knife was taken. The result is the same as if the trial court had directed a verdict on that element of the offense, which is impermissible.

154 Ariz. at 368, 742 P.2d at 1354. The instruction in the instant case mirrors that in *Williams.* The fact that the trial court correctly instructed the jury as to the burden of proof for first degree burglary does not distinguish this case from *Williams,* or blunt the impact of the specific instruction allowing the jury to find that theft of a gun after entering the premises is sufficient to find first degree burglary. We do not believe *Williams* is distinguishable from the instant case.

## V. DOES *STATE V. WILLIAMS* HAVE RETROACTIVE APPLICATION?

Defendant brought this action under Rule 32, which allows a defendant to seek post-conviction relief when:

g. There has been a significant change in the law applied in the process which led to the petitioner's conviction or sentence, and there are sufficient reasons to allow retroactive application of the changed legal standard.

Ariz.R.Crim.P. 32.1(g), 17 A.R.S.

Here, a significant change in the law has occurred. However, not all "significant"

changes in the law that lead to a defendant's conviction will result in relief under Rule 32. Only when sufficient reasons exist for retroactive application may a defendant prevail. Fundamental error is one of those reasons.

We have held that an instruction that does not correctly instruct the jury as to the state's burden of proof constitutes fundamental error. *State v. Hunter,* 142 Ariz. 88, 688 P.2d 980 (1984). As we noted in *Williams:*

Where the effect of the incorrect instruction lessens the state's burden of proof, the error is harmful. *See State v. Walker,* 138 Ariz. 491, 675 P.2d 1310 (1984) (arson); *State v. Noriega,* 144 Ariz. 258, 697 P.2d 341 (App.1985) (trafficking in stolen property); *State v. O'Brien,* 123 Ariz. 578, 601 P.2d 341 (App.1979) (conspiracy); *State v. Cappe,* 122 Ariz. 249, 594 P.2d 115 (App.1979) (assault with a deadly weapon); *State v. Goodman,* 22 Ariz.App. 275, 526 P.2d 1073 (1974) (grand theft by false pretenses).

154 Ariz. at 368, 742 P.2d at 1354. We believe the instruction in the instant case was not only erroneous but also fundamental error because it lessened the state's burden of proof as to first degree burglary. Because we cannot say that the jury would have, beyond a reasonable doubt, found the defendant guilty of first degree burglary without the incorrect instruction, the error was not harmless. *State v. Zaragoza,* 135 Ariz. 63, 659 P.2d 22, *cert. denied,* 462 U.S. 1124, 103 S.Ct. 3097, 77 L.Ed.2d 1356 (1983). *See also State v. Garcia,* 152 Ariz. 245, 248, 731 P.2d 610, 613 (1987) (quoting *State v. Gerlaugh,* 144 Ariz. 449, 698 P.2d 694 (1985)). We also believe that *Williams* must apply retroactively because the giving of the erroneous instruction raises the very real possibility that the defendant was convicted of a crime he did not commit. As the United States Supreme Court has stated:

Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantial-

ly impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect. Neither good-faith reliance by state or federal authorities on prior constitutional law or accepted practice, nor severe impact on the administration of justice has sufficed to require prospective application in these circumstances.

*Williams v. United States,* 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388 (1971). While our decision is not a "new rule" of procedure or construction but, rather, a corrected definition of the crime, the Supreme Court's rationale nonetheless applies. Use of an instruction that incorrectly defines the elements of the crime threatens the accuracy of the verdict, and complete retroactive effect is the only method of protecting the integrity of the process.

### VI. DISPOSITION

If the only basis for the finding of first degree burglary and of dangerousness was the theft of the gun after entering the structure, the appropriate disposition would be to reduce the conviction to one of a non-dangerous second degree burglary and remand for resentencing. However, because of the posture of this case, it is unclear to us whether the state might have alternative theories which would support a finding of first degree burglary or of dangerousness under proper instructions. If there is evidence which would support such a conviction or finding, the appropriate disposition would be to grant a new trial to be held under proper instructions. Since the parties have not had an opportunity to address these issues, we remand this case to the trial court for further proceedings in accordance with this opinion.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER, J., concur.

Justice WILLIAM A. HOLOHAN participated in this matter but retired prior to the filing of this opinion; Justice ROBERT J.

CORCORAN did not participate in the determination of this matter.