With all due deference to the other members of this Court and to the Court of Criminal Appeals, I believe that the opinion of the Court of Criminal Appeals holding that a person who breaks into a dwelling, and while inside that dwelling steals a 12-gauge shotgun, is not deemed to be "armed" within the meaning of Ala. Code 1975, § 13A-7-5(a)(1), is an incorrect interpretation of that statute, because that opinion fosters the old common law distinction between "breaking into" a building and "breaking out" of a building. For that reason, I respectfully dissent.
In reversing Buchannon's conviction for first degree burglary, the Court of Criminal Appeals stated that the "mere showing that the defendant stole a weapon during the course of a burglary or robbery, without more, does not constitute being 'armed' " as that word is used in § 13A-7-5(a)(1). Buchannon v.State, 554 So.2d 477, 494 (Ala.Crim.App. 1989).
Burglary in the first degree is defined in § 13A-7-5, as follows:
 "(a) A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, he or another participant in the crime:
 "(1) Is armed with explosives or a deadly weapon; or
 "(2) Causes physical injury to any person who is not a participant in the crime; or
 "(3) Uses or threatens the immediate use of a dangerous instrument.
 "(b) Burglary in the first degree is a Class A felony." (Emphasis added.)
Because the word "armed" is not defined by the statute, it is to be given its ordinary meaning. In the context of substantive criminal statutes, most courts have concluded that "armed" means having a weapon that is within a person's immediate control and available for his use. See Bates v. State,468 So.2d 207 (Ala.Crim.App. 1985), overruled by Buchannon, supra (of course, the decision of the Court of Criminal Appeals inBuchannon is the basis of this dissent); State v. Romero,135 Ariz. 102, 659 P.2d 655 (App. 1982); Curl v. State,40 Wis.2d 474, 162 N.W.2d 77 (1968), cert. denied, 394 U.S. 1004,89 S.Ct. 1601, 22 L.Ed.2d 781 (1969), overruled on other grounds by Schimmel v. State, 84 Wis.2d 287, 267 N.W.2d 271 (1978), overruled by Steele v. State, 97 Wis.2d 72, 294 N.W.2d 2 (1980) (Curl reinstated by Steele; definition of "armed" not involved in Schimmel and Steele). Despite the fact that Buchannon took possession (i.e., control) of a 12-gauge shotgun after entering the trailer and thereafter had the weapon "available for his use," the Court of Criminal Appeals reasoned that such a circumstance did not constitute being "armed" within the meaning of that word in § 13A-7-5(a)(1). Instead, the Court of Criminal Appeals held that, unlike the circumstance where a person equips himself with a weapon prior to committing a crime, an unarmed person's theft of a weapon during the courseof a burglary does not raise an inference that the weapon is available for use in that crime and that he intended to use it. One of the purposes of the adoption of Alabama's Criminal Code was to obliterate the distinctions between "breaking in" and "breaking out" when burglary is involved. *Page 496 
According to § 13A-7-5(a)(1), a person commits the crime of burglary in the first degree when, in the course of committing a burglary, the person is "armed" with either explosives or a deadly weapon. Being "armed" is the significant fact, not whether he was armed before or after he entered the house. A plain reading of that statute indicates that using a deadly weapon is not required in order to constitute burglary in the first degree. A person only needs to have control of andavailability to a weapon. Buchannon clearly met that test. The holding does not carry out the intent that the legislature had when it passed Title 13A of the Code of Alabama.
In fact, § 13A-1-3(1) and (5), state in pertinent part:
 "The general purposes of the provisions of this title are:
 "(1) To proscribe conduct that unjustifiably and inexcusably causes or threatens substantial harm to individual and/or public interests;
". . . .
 "(5) To insure the public safety by preventing the commission of offenses through the deterrent influence of the sentences authorized, the rehabilitation of those convicted and their confinement when required in the interests of public protection. . . ." (Emphasis added.)
Also, § 13A-1-6 states:
 "All provisions of this title shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law, including the purposes stated in section 13A-1-3.-" (Emphasis added.)
Clearly, the stated purpose of Title 13A is to proscribe conduct that unjustifiably threatens substantial harm to individuals and/or the public at large; other purposes are to ensure the public's safety through the deterrent influence of the sentences authorized and to promote justice. Because the legislature intended to authorize courts to impose higher sentences on burglars who are "armed," the Court of Criminal Appeals' interpretation of § 13A-7-5(a)(1) is wrong. Because the Court of Criminal Appeals misinterpreted the meaning and intent of the statute, I would grant the writ; therefore, I dissent.
STEAGALL, J., concurs.