831 P.2d 434

**STATE of Arizona, Respondent,**

v.

**Paul Harry BONNELL, Petitioner.**

**No. 1 CA–CR 90–1782–PR.**

Court of Appeals of Arizona, Division 1, Department E.

May 7, 1992.

**436**

John G. Verkamp, Coconino County Atty. by Linda Van Brakel, Deputy County Atty., Flagstaff, for respondent.

Paul Harry Bonnell, in pro. per.

## OPINION

VOSS, Presiding Judge.

Petitioner Paul Harry Bonnell ("defendant") was convicted on his plea of guilty to two counts armed burglary, class 2 felonies; two counts burglary, class 3 felonies; four counts theft, three class 3 felonies and one a class 4 felony; and two counts mis-

1. All rules referred to in this opinion are to the Arizona Rules of Criminal Procedure.

2. Rule 32.1(g) allows any person who has been convicted of or sentenced for a criminal offense

conduct with weapons, class 6 felonies. (*State v. Bonnell,* 1 CA–CR 89–259–PR, Memo. Dec. filed May 28, 1991 at 1–2.) The trial court found that defendant committed one count of armed burglary, one count of theft, and one count of misconduct with weapons while on parole. (*Id.* at 2.) The court imposed various prison sentences, effectively grouped into two consecutive terms of 5 years and 10 years, the latter to be served without possibility of early release.

Defendant did not appeal. In July 1988, he filed his first petition for post-conviction relief under Rule 32, Arizona Rules of Criminal Procedure.[1] After the trial court summarily dismissed the petition, this court granted review of defendant's claims and denied relief. While the first petition for review was pending in this court, defendant filed a second Rule 32 petition in the trial court. In that petition, defendant contended that his plea was involuntary because it was based upon the erroneous belief that he could be found guilty of two counts of armed burglary under Ariz.Rev. Stat.Ann. ("A.R.S.") § 13–1508(A) for stealing a firearm during the course of each burglary. Subsequent to his guilty plea, he contended that, *State v. Befford,* 148 Ariz. 508, 715 P.2d 761 (1986) and *State v. Williams,* 154 Ariz. 366, 742 P.2d 1352 (1987), effected a "significant change of law" under Rule 32.1(g)[2] by holding that a defendant who stole a weapon during the course of a burglary did not by that theft alone commit armed burglary under the statute. Subsequently, in *State v. Rendon,* 161 Ariz. 102, 776 P.2d 353 (1989), the supreme court held that Rule 32 petitioners whose convictions were final at the time *Williams* was decided could be entitled to retroactive application of the changed law.

The state argued that defendant's claim was precluded and the trial court agreed. In denying defendant's motion for rehearing, the court found:

to institute a proceeding to secure relief on the ground that there has been a significant change in the law which led to the person's conviction or sentence.

1. The Defendant filed his first Rule 32 petition *after* the decisions were rendered by the Arizona Supreme Court upon which he now relies and cites as support for his request for relief.

2. Rule 32.2 and 32.10 provide for a waiver if all grounds for relief are not raised by Petitioner in the first Rule 32 Petition. The grounds for relief now sought were not raised by the Defendant in his first Rule 32 Petition. The Defendant does not urge "reasonable" grounds for omitting the matter in the original Petition.

(Emphasis in original.) Defendant filed a timely petition for review of the trial court's finding.

Initially, we find it necessary to distinguish preclusion under Rule 32.2(b) from the presumption of waiver found in Rule 32.10 because the trial court's minute entry dismissing defendant's claim was couched in the language of Rule 32.10. Rule 32.10 states in pertinent part:

**Waiver**

Any grounds for post-conviction relief which have been litigated in the proceedings leading to the judgment of conviction shall not be relitigated in these proceedings. *All grounds for relief available to petitioner must be raised by petitioner either in his petition or in the hearing thereon. Any ground not raised will be presumed waived and may not be the basis for subsequent petition unless the court finds there was reasonable ground for omitting the matter in the original petition or hearing.*

(Emphasis added.)

Rule 32.2 provides in pertinent part:

**Preclusion of remedy**

a. **Preclusion.** A petitioner will not be given relief under this rule based upon any ground:

(1) Still raisable on direct appeal under Rule 31 or on post-trial motion under Rule 24;

(2) Finally adjudicated on the merits on appeal or in any previous collateral proceeding.

(3) Knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding.

b. **Exceptions.** Rule 32.2 shall not apply to claims based on Rules 32.1(d), (e) and (g).

■ The relationship between Rule 32.2 and 32.10 has never been explored by an Arizona appellate court. The two rules are largely redundant. In particular, Rule 32.-2(a)(3) and the third sentence of Rule 32.10, emphasized above, both state a general bar against claims that could have been asserted in a prior petition for post-conviction relief. However, while Rule 32.2(b) specifically excepts certain claims, such as those based on a significant change of law, from the general rule, Rule 32.10 contains no such explicit exemption. Nevertheless, we believe the exception to preclusion provided by Rule 32.2(b) can and should be applied to Rule 32.10 because that exception is a "reasonable ground" excusing a failure to state the claim previously. To interpret the provision otherwise would create an anomaly: A claim based on a significant change in the law would escape preclusion under Rule 32.2(b), but would nevertheless be subject to a presumption of waiver under Rule 32.10. That interpretation would render the language of 32.2(b) meaningless, a result that an appellate court is required to avoid. *See Maricopa County v. Arizona Tax Court,* 162 Ariz. 64, 68, 781 P.2d 41, 45 (App.1989). Thus, we find that the trial court erred in applying the doctrine of waiver to defendant's claim. Defendant sought relief under Rule 32.1(g), contending that the supreme court's holdings in *Befford, Williams,* and *Rendon* effected a "significant change of law" which was to be retroactively applied. Though Rule 32.2 creates the inference that a claim not raised in a prior Rule 32 petition was knowingly, voluntarily, and intelligently waived, Rule 32.2(b) specifically exempts claims under Rule 32.1(g) from the defense of preclusion.

■ In any event, even if defendant's claim was subject to preclusion, the trial court improperly applied the doctrine in this case. The court found the cases on

which defendant relied had been decided prior to his first Rule 32 petition. That petition was filed on July 18, 1988, more than 2 years after *Befford* and 10 months after *Williams*. *Rendon*, however, was decided by the Supreme Court on July 11, 1989, *after* the denial of defendant's first petition on February 14, 1989.[3]

In *Rendon*, the supreme court found that the defendant's conviction of first-degree burglary was flawed by a jury instruction that permitted defendant's conviction on the basis condemned in *Williams*. The court determined that *Williams* would apply retroactively to defendant's Rule 32 claim because the instruction constituted fundamental error and "because the giving. of the erroneous instruction raises the very real possibility that the defendant was convicted of a crime he did not commit." *Rendon*, 161 Ariz. at 104, 776 P.2d at 355. Because of *Rendon*, defendant is within a class of persons who can claim relief under *Befford* and *Williams* by making clear that there are "sufficient reasons to allow retroactive application of the changed legal standard," as required by Rule 32.1(g). Until *Rendon*, it was not certain that *Befford* and *Williams*, cases decided on direct appeal, would apply to persons whose convictions were already final. As a result, *Rendon* itself constituted a "significant change of law" that could not have been asserted until defendant filed his second petition.

 The state does not dispute that defendant's plea of guilty to the armed burglary counts was premised upon his theft of a weapon during the course of each intrusion. The presentence report strongly suggests that those thefts alone supplied the factual basis for finding that defendant was "armed" on each occasion.

However, the transcript of defendant's change of plea hearing is not before us. Thus, on remand, the trial court must determine whether the record reflects that defendant demonstrated a "willingness or present ability to use" the stolen weapon during each burglary. *Befford*, 148 Ariz. at 510, 715 P.2d at 763. Holding a weapon as "loot" or as stolen goods does not by itself "arm" the burglar within the meaning of A.R.S. § 13–1508(A). *Id.; but see State v. Harris*, 151 Ariz. 236, 727 P.2d 14 (1986) (fact that defendant was observed carrying a pillowcase that contained pistol stolen during burglary was sufficient to support the jury's conclusion that the weapon was accessible and that defendant was willing to use it). If the record does not reflect that defendant was armed, he "was convicted of a crime he did not commit," *Rendon*, 161 Ariz. at 104, 776 P.2d at 355. In the absence of an adequate factual basis, defendant's guilty pleas to first-degree burglary must be vacated and the original charges reinstated. *State v. Draper*, 123 Ariz. 399, 401, 599 P.2d 852, 854 (App.1979).[4]

We grant review of the petition and grant relief. The cause is remanded to the trial court for further proceedings consistent with this decision.

CLABORNE and EUBANK, JJ., concur.

---

3. Although *Rendon* was decided prior to the trial court's consideration of the motion for rehearing on defendant's first petition, that fact is of no consequence. As we noted in the previous memorandum decision, defendant could not assert a new claim in the motion for rehearing, but could do so only by filing another petition. *State v. Ramirez,* 126 Ariz. 464, 616 P.2d 924 (App.1980). Moreover, in his first motion for rehearing, defendant sought leave to amend his petition to assert the claim now be-

fore this court. The trial court did not rule on that request.

4. This remedy is also provided by the plea agreement, in which the state and defendant stipulated that "if the conviction is reversed upon an appeal by the defendant, the original charges and any charges that are dismissed by reason of this plea agreement are automatically reinstated."