30 P.3d 137

**In re ALEX M.**

**No. 1 CA–JV 00–0219.**

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 16, 2001.

Janet Napolitano, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section, Phoenix, and Richard M. Romley, Maricopa County Attorney, by Patricia A. Nigro, Deputy County Attorney, Phoenix, Attorneys for Appellant.

James Haas, Maricopa County Public Defender, by James M. Likos, Deputy Public Defender, Phoenix, Attorneys for Appellee.

**OPINION**

FIDEL, Judge.

¶ 1 Pursuant to a plea agreement, Alex M. admitted one of three allegations of juvenile delinquency and the other two allegations were dismissed. The statute underlying his delinquency plea was soon held unconstitutional in an unrelated case; but by the time this development was discovered, Alex was awaiting disposition of an admitted probation violation. Because his delinquency adjudication had been based upon an unconstitutional statute, it was vacated. But under these circumstances, should the original plea agreement also have been vacated and the two dismissed charges reinstated? Answering that question in the affirmative, we set the juvenile court's contrary order aside.

**I.**

¶ 2 The State charged Alex with one count of being a minor in possession of a firearm in violation of A.R.S. § 13–3111 (Supp.1999–2000), one count of misconduct involving a weapon in violation of A.R.S. § 13–3102 (Supp.1999–2000), and one count of theft of a firearm valued under $250.00 in violation of A.R.S. § 13–1802 (Supp.1999–2000). Alex pled delinquent to the minor-in-possession charge, and the State agreed to dismiss the other charges. The plea agreement included the following language:

> [I]f the court decides not to follow this agreement, or if the juvenile or the State are [sic] allowed to get out of this agreement, or if a higher court decides a mistake was made and sends the case back to this court for adjudication ... then the juvenile will again be considered accused of all the charges originally in the petition

and any charges that were dismissed in paragraph 3 of this plea agreement.

The court accepted the plea agreement, placed Alex on standard probation, ordered him to serve five days of detention and perform 32 hours of community service, and ordered him to pay restitution of $107.07 to the victim.

¶ 3 Some months later, Alex's probation officer filed a petition with the juvenile court, alleging that Alex had violated several terms of his probation. When Alex admitted having violated one of the terms, the remaining violation allegations were dismissed and Alex was detained pending a disposition hearing.

¶ 4 By the time of the disposition hearing, the State had discovered that the statute underlying Alex's one-count adjudication of delinquency had been declared unconstitutional by this court. See In re Cesar R., 197 Ariz. 437, 4 P.3d 980 (App.1999) (holding that the minor-in-possession-of-a-firearm statute, because it was limited to juveniles in Maricopa and Pima Counties, was a special or local law that violated Ariz. Const. art. 4, pt. 2, § 19(7)). Alex, informed of this development, moved to dismiss the adjudication of delinquency, and the State did not oppose the motion. The State asked the court, however, to vacate the original plea agreement and to reinstate the charges that had been dismissed under that agreement. On behalf of the court, Commissioner Gerst vacated the adjudication and the probation violation stemming from it and, after briefing by the parties, granted the State's motion to vacate the original plea agreement and reinstate the two charges that were previously dismissed.

¶ 5 At the adjudication hearing on the newly reinstated charges, however, Alex moved to dismiss them. Judge Barton, then presiding, chose to treat the motion as one to reconsider Commissioner Gerst's reinstatement order. Eventually, after a further hearing, Judge Barton granted Alex's motion and vacated the reinstatement of the previously dismissed charges. That ruling is the subject of this appeal.

## II.

¶ 6 The gist of this case is that Alex did not complete his side of the bargain. Although he had served the requisite 5 days of detention, accomplished the requisite 32 hours of community service, and paid the restitution ordered by the court, he had not successfully completed his six months of probation. Instead, in the violation proceedings that were in progress when the constitutional invalidity of the underlying plea agreement came to light, Alex had admitted violating his probation by failing to attend a TASC Substance Abuse Program.

¶ 7 Because Alex had violated a term of his probation, the State would have been entitled under ordinary circumstances to call upon the juvenile court to fashion an appropriate disposition for his violation. See Ariz. R.P. Juv. Ct. 10.4 (permitting court to revoke, modify, or continue probation upon proof that a probation violation has occurred).[1] But this opportunity—essentially an unfulfilled contractual expectation—was frustrated by the intervening invalidation of the statute underlying Alex's plea and the resulting trial court order vacating his delinquency adjudication.

¶ 8 In addressing this matter, we consider but distinguish Coy v. Fields, 348 Ariz. Adv. Rep. 55, —— Ariz.App. ——, 27 P.3d 799 (2001), in which this court concluded that double jeopardy considerations precluded the State from withdrawing from a plea agreement. In Coy, the plea agreement permitted and the trial court imposed a term of probation that exceeded the maximum term statutorily provided for the underlying crime. Id. at 55, ¶ 2, 27 P.3d 799. When the defendant moved to modify his unlawful term of probation, the trial court permitted the State to withdraw from the plea agreement; but this court vacated that order, holding that the expanded probationary range was not material to the agreement and that jeopardy had attached when the court accepted the defendant's guilty plea. Id. at 56, ¶ 10, 55, ¶ 5, 27 P.3d 799 (citing Dominguez v. Meehan, 140 Ariz. 329, 681 P.2d 912 (App.1983), approved, 140 Ariz. 328, 681 P.2d 911 (1984)).

---

1. Although it was in force at the time of these proceedings, effective January 1, 2001, Rule 10.4 was repealed. Juvenile probation violation hearings are now governed by Rule 32(E).

¶ 9 A defendant who breaches his obligations under a plea agreement may waive double jeopardy protections and permit the government "to withdraw from the agreement and reinstate the original charges without offending the Double Jeopardy Clause." *Id.* at 55, ¶ 5, 27 P.3d 799 (citing *Ricketts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987)). We concluded in *Coy,* however, that the defendant had not breached his obligations under the plea agreement merely by alerting the trial court that it had imposed an unlawful probationary term. *Id.* at 56, ¶ 6, 27 P.3d 799.

¶ 10 In *Coy* the conviction rested upon a valid criminal foundation; there was no need to vacate the conviction in order to correct the trial court's sentencing error. Here, in contrast, the conviction itself (that is, the adjudication of delinquency) had been undermined by a constitutionally invalid criminal statute and, upon Alex's motion, had been set aside.

¶ 11 We need not consider what options might have been available to the trial court under these circumstances or whether double jeopardy considerations might have arisen had Alex already performed his plea agreement and completed his probation. Here, when the juvenile court granted Alex's motion to vacate his delinquency adjudication, it permitted him to withdraw from an agreement that he had not completely performed. This triggered the provision in the parties' agreement that, if one of the parties were "allowed to get out of this agreement ... then the juvenile will again be considered accused of all the charges ... that were dismissed [earlier] in this plea agreement."

¶ 12 Analogous Arizona case law supports the reinstatement of charges under these circumstances. In *State v. Bonnell,* 171 Ariz. 435, 831 P.2d 434 (App.1992), a post-conviction relief proceeding, the defendant had pled guilty to a number of charges, including two counts of armed burglary. His plea to armed burglary had been premised on the assumption that theft of a weapon in the course of a burglary satisfied the elements of armed burglary. Subsequent case law revealed this premise to be mistaken. *See State v. Rendon,* 161 Ariz. 102, 103, 776 P.2d 353, 354 (1989). In response to that significant change in law, the *Bonnell* court remanded for a hearing to determine whether the defendant's conduct had indeed amounted to armed burglary. If not, "the defendant's guilty pleas to first degree [armed] burglary must be vacated and the original charges reinstated." *Bonnell,* 171 Ariz. at 438, 831 P.2d at 437.

¶ 13 The *Bonnell* court explained that if the defendant, in each of the burglaries, had not committed acts that embodied the elements of armed burglary—i.e., possessing a weapon with the willingness and ability to use it—he had been " 'convicted of a crime he did not commit.' " *Id.* (quoting *State v. Rendon,* 161 Ariz. at 104, 776 P.2d at 355). Here, because Alex's adjudication was based upon a constitutionally invalid statute, he had been convicted of a crime that did not exist.

¶ 14 In support of the remedy of reinstatement, the *Bonnell* court invoked a provision in the plea agreement that "if the conviction is reversed upon an appeal by the defendant, the original charges and any charges that are dismissed by reason of this plea agreement are automatically reinstated." *Id.* at 438 n. 4, 831 P.2d at 437 n. 4. The State, as we have noted, relies upon a comparable provision in this case.

¶ 15 Under the remedial approach of *Bonnell,* Alex's plea should be vacated and the original charges reinstated. Alex's counsel on appeal questions neither the applicability of *Bonnell* nor the validity of the reinstatement provision in the parties' plea agreement. Nor does he cite any authority to support the legal validity of the ultimate juvenile court order denying reinstatement. Counsel does argue the imprudence and wastefulness of reviving prosecution of a juvenile who substantially completed his obligations under the original plea agreement. The essential fact remains, however, that the juvenile did not complete those obligations; and the State is accordingly entitled under the circumstances, however productive or unproductive the court may deem the exercise, to reinstate the charges earlier dismissed.

¶ 16 For the foregoing reasons, we reverse the juvenile court's October 31, 2000, order of

reconsideration, and we reinstate the juvenile court's order of August 2, 2000, vacating the plea agreement and reinstating the two charges that, as part of the plea agreement, were previously dismissed.

¶ 17 The juvenile court may, of course, take the juvenile's past performance into consideration when it arrives at the ultimate disposition of this matter.

CONCURRING: WILLIAM F. GARBARINO, Presiding Judge, and JON W. THOMPSON, Judge.