221 N.J. Super. 66 (1987)
533 A.2d 980
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT L. BLAINE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1987.
Decided November 2, 1987.
*67 Before Judges PRESSLER, BILDER and SKILLMAN.
Susan Green, Assistant Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney).
Jeanne M. Andersen, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Following a bench trial, defendant Robert Blaine was convicted of the fourth degree offense of possession of a weapon under circumstances not manifestly appropriate for lawful use, N.J.S.A. 2C:39-5(d). He contends on appeal that the trial judge erred in denying his motion for acquittal at the close of the State's case. We agree and accordingly reverse.
The State's sole witness was East Orange police officer Hammond. Officer Hammond, whose transcribed testimony, both direct and cross, consumes less than four transcript pages, testified that at 5:30 p.m. on January 29, 1985, he was called to assist another officer who was making an arrest of defendant on a street in East Orange pursuant to an outstanding warrant. During the course of the arrest, the officers patted down defendant and found in a pocket a closed folding knife which had a blade approximately four inches long and approximately one inch wide and a black handle with a picture of a dragon on one side. The knife was introduced into evidence. The State *68 then rested, and defendant, relying on State v. Lee, 96 N.J. 156 (1984), moved for a judgment of acquittal pursuant to R. 3:18-1. We conclude that the trial judge erred in denying this motion.[1]
In our view the trial judge erroneously relied on the standards of culpability expressed by N.J.S.A. 2C:39-3(e) instead of those prescribed by N.J.S.A. 2C:39-5(d), the statutory provision under which defendant was charged. As the Supreme Court made clear in State v. Lee, supra, N.J.S.A. 2C:39-3, -4, and -5 constitute an integrated scheme of graduated possessory offenses. N.J.S.A. 2C:39-3 defines various categories of prohibited weapons and devices whose bare possession constitutes a crime of the third or fourth degree. Five of these categories, namely destructive devices, sawed-off shotguns, silencers, defaced firearms, and dum-dum bullets (subsections a, b, c, d, and f, respectively), define weapons and devices the possession of which is per se criminal. Subsection e defines what may be termed a modified or qualified fourth degree per se possessory crime. That subsection provides in full as follows:
Any person who knowingly has in his possession any gravity knife, switchblade knife, dagger, dirk, stiletto, billy, blackjack, metal knuckle, sandclub, slingshot, cestus or similar leather band studded with metal filings or razor blades imbedded in wood, without any explainable lawful purpose, is guilty of a crime of the fourth degree.
As the Supreme Court noted in State v. Lee, supra, 96 N.J. at 160, possession of an object encompassed by N.J.S.A. 2C:39-3(e) is an offense "unless the defendant can come forward with an *69 explainable lawful purpose for possession of the weapon." The Supreme Court was further satisfied that "[t]his provision does not relieve the State of its burden of proof, but merely shifts to the defendant the burden of going forward on the issue of `lawful purpose.'" Ibid. We are thus persuaded that if the implement which had been found in defendant's pocket had not been a folding knife but rather a gravity knife, switchblade knife, dagger, dirk or stiletto, the State's proofs would have been adequate to withstand a motion for acquittal had defendant been charged with the violation of N.J.S.A. 2C:39-3(e).
We believe, however, that the Legislature did not intend this shift of the burden of going forward in respect of implements which are not either within a per se or qualified per se category or specifically listed by N.J.S.A. 2C:39-1(r)[2] but whose character as a weapon is, rather, contextually defined. Such weapons are addressed by N.J.S.A. 2C:39-5(d), under which defendant was here charged, which provides as follows:
Any person who knowingly has in his possession any other weapon under circumstances not manifestly appropriate for such lawful uses as it may have is guilty of a crime of the fourth degree.
The legislative intent in respect of that section is, according to State v. Lee, to address
the situation in which someone who has not yet formed an intent to use an object as a weapon possesses it under circumstances in which it is likely to be so used. The obvious intent of the Legislature was to address a serious societal problem, the threat of harm to others from the possession of objects that can be *70 used as weapons under circumstances not manifestly appropriate for such lawful uses as those objects may have. Some objects that may be used as weapons also have more innocent purposes. For example, a machete can be a lethal weapon or a useful device for deep sea fishing. [96 N.J. at 161]
Thus, in the case of a charge under N.J.S.A. 2C:39-5(d), the State must prove not only the fact of possession of an implement which could be used as a weapon but circumstantial culpability as well.
As we therefore understand the rationale of Lee, where the implement is of an equivocal character, susceptible to both lawful and unlawful uses, its status as a weapon whose possession is capable of subjecting its possessor to criminal liability is entirely dependent on the circumstances attending the possession. See, e.g., State v. Jones, 198 N.J. Super. 553, 569 (App. Div. 1985), so construing N.J.S.A. 2C:39-7. Thus, a pair of scissors taped in such a way as to form a homemade stiletto will justify a conviction under N.J.S.A. 2C:39-5(d) when it is found on the person of an intruder into a home. State v. Lee, supra. And an Exacto knife having an eight-inch handle and a one-inch razor-like blade, a tool which has obvious lawful uses, loses its innocent character when strapped to a person's ankle inside his sock. See State v. Wright, 96 N.J. 170 (1984), app. dism. 469 U.S. 1146, 105 S.Ct. 890, 83 L.Ed.2d 906 (1985).
The question which is directly before us is whether a knife of the nature here involved is by itself of such a character as to permit a conviction in the absence of any incriminating factor other than its presence in one's pocket as he is walking down the street. We conclude that it is not. Obviously, a folding knife with a four-inch blade can be used lethally and is capable of inflicting serious injury. See N.J.S.A. 2C:39-1(r). But it also has a myriad of perfectly proper uses, including purposes which are "precautionary, sporting or otherwise benign." See State v. Harmon, 104 N.J. 189, 200 (1986). It is not, as in the case of weapons defined by N.J.S.A. 2C:39-3(e), presumptively possessed for purposes which are not lawful and it is, in fact, an implement which is commonly and regularly *71 sold throughout the state as a matter of ordinary commerce. We are constrained, therefore, to conclude that this knife was not of a character whose bare possession, in the absence of a single additional incriminating circumstance, can sustain a conviction of crime. See State v. Green, 62 N.J. 547 (1973).
The conviction appealed from is reversed.
NOTES
[1] While the proofs offered by the defense are not material to the determination of the motion of judgment of acquittal, see State v. Richards, 155 N.J. Super. 106, 112 n. 2 (App.Div. 1978), certif. den. 77 N.J. 478 (1978), we note that the sole defense witness here was defendant himself who testified that he had purchased the knife at Rickels three days prior to his arrest. His purpose in purchasing the knife, he said, was for use in his electrical subcontracting business and he was in fact, at the time of his arrest, on his way home from a friend's house where he had done some kind of wirestripping with the use of the knife. He further testified that he made a homemade case in which to carry the knife by his belt but the knife kept slipping out of the case and he therefore put it into his pant's pocket. The trial judge did not credit this explanation.
[2] N.J.S.A. 2C:39-1(r) defines weapon as

anything readily capable of lethal use or of inflicting serious bodily injury. The term includes, but is not limited to, all (1) firearms, even though not loaded or lacking a clip or other component to render them immediately operable; (2) components which can be readily assembled into a weapon; and (3) gravity knives, switchblade knives, daggers, dirks, stilettos, or other dangerous knives, billies, blackjacks, bludgeons, metal knuckles, sand-clubs, slingshots, cestus or similar leather bands studded with metal filings or razor blades imbedded in wood; and any weapon or other device which projects, releases, or emits tear gas or any other substance intended to produce temporary physical discomfort or permanent injury through being vaporized or otherwise dispensed in the air.