247 N.J. Super. 425 (1991)
589 A.2d 648
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DOUGLAS ARTHUR MERRITT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1990.
Decided April 23, 1991.
*428 Before Judges GAULKIN, HAVEY and SKILLMAN.
Stephen W. Kirsch, Assistant Deputy Public Defender, argued the cause for appellant (Wilfredo Caraballo, Public Defender, attorney, Stephen W. Kirsch, of counsel and on the brief).
James E. Jones, Jr., Deputy Attorney General, argued the cause for respondent (Robert J. Del Tufo, Attorney General, attorney, James E. Jones, Jr., of counsel and on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
Defendant was convicted by a jury of armed burglary, in violation of N.J.S.A. 2C:18-2, theft, in violation of N.J.S.A. 2C:20-3, receiving stolen property, in violation of N.J.S.A. 2C:20-7, and unlawful possession of rifles, in violation of N.J.S.A. 2C:39-5c(1). In addition, a charge of possession of a firearm by a convicted felon, in violation of N.J.S.A. 2C:39-7, was severed before trial and subsequently dismissed. The court sentenced defendant to a ten year term of imprisonment, with four and a half years of parole ineligibility, for armed burglary, and concurrent five year terms for theft and unlawful possession of rifles. In addition, the court merged defendant's conviction for receiving stolen property into his conviction for theft. We affirm.
Defendant's convictions arose out of the burglary of a residence in South Harrison Township, Gloucester County, on the morning of October 7, 1985, in which the burglars stole seven guns, one of which was loaded, and a television set. Defendant was apprehended later that morning while a passenger in a car also occupied by the other alleged burglars. A search of the trunk of the car revealed the guns and television set taken in the burglary.
This appeal presents two significant issues. First, may a burglar who enters a residence without weapons but steals *429 weapons during the burglary be found guilty of "armed" burglary? Second, may the inference that the possessor of recently stolen property is the thief be drawn where an accused is found in joint possession of the stolen property together with the other alleged perpetrators?

I
Pursuant to N.J.S.A. 2C:18-2b(2), burglary is elevated from a third degree to a second degree offense if "in the course of committing the offense," the burglar "[i]s armed with or displays what appear to be explosives or a deadly weapon." The State charged defendant with second degree burglary on the theory that he was armed with the seven rifles and shotguns stolen during the burglary. Defendant moved for an acquittal on the second degree offense, arguing that the firearms were simply proceeds of the theft and that he was not "armed" because he did not use or intend to use firearms in connection with the offense. The trial court rejected this argument in a written opinion which concluded that a defendant may be found guilty of armed burglary based solely on the possession of a deadly weapon without establishing the "actual use" or an "intention to use" the weapon.
Although the term "armed" is not defined in the Code of Criminal Justice and does not appear to have been discussed in any reported New Jersey case, decisions in other jurisdictions reflect the common understanding that "a person is `armed' if a weapon is `easily accessible and readily available for use ... for either offensive or defensive purposes.'" State v. Hall, 46 Wash. App. 689, 732 P.2d 524, 527 (1987) (quoting State v. Sabala, 44 Wash. App. 444, 723 P.2d 5, 7 (1986), review denied, 108 Wash.2d 1004 (1987); accord State v. Romero, 135 Ariz. 102, 659 P.2d 655, 658 (Ct.App. 1982) ("[a] person is `armed' with a deadly weapon when such weapon is within his immediate control and available for use in the crime"); People v. Tracey A., 97 Misc.2d 1053, 413 N.Y.S.2d 92, 95 (Cty.Ct. 1979) ("[t]he *430 word `armed' applies to any situation where a gun or deadly weapon is within the immediate control of a person and is available for his use").
However, the term "armed" is not synonymous with the term "in possession of a weapon." Thus, a person who stores firearms in his home would be considered to be in possession of the firearms when he is away from home, see State v. DiRienzo, 53 N.J. 360, 369-70, 251 A.2d 99 (1969), but he would not be armed. Therefore, the term "armed" connotes not only possession but also immediate access to a weapon.[1] The most obvious example is where a person has a weapon in his pocket or elsewhere on his person, although the term also encompasses other situations in which a person has immediate access to a weapon, such as an occupant of a car who has a gun under his seat.
Applying this definition of "armed," it is evident that a person may become armed with a weapon obtained in a burglary or other offense. Once obtained during the course of the offense, a weapon may be as readily accessible to the perpetrator as if he had brought it to the scene initially, and the State is only required to show such access to establish that the defendant was armed.
Consequently, the majority of courts which have considered the issue have held that a person who steals a weapon may be found to have been armed, without showing that he actually used or intended to use the weapon, so long as he had immediate access to the weapon during the offense. See, e.g., Pardue v. State, 571 So.2d 333 (Ala. 1990); Hardee v. State, 534 So.2d 706 (Fla. 1988); Meadows v. Commonwealth, 551 S.W.2d 253 (Ky. Ct. App. 1977); State v. Luna, 99 N.M. 76, 653 P.2d 1222 (Ct.App.), cert. denied, 99 N.M. 148, 655 P.2d 160 (1982); State *431 v. Speece, 56 Wash. App. 412, 783 P.2d 1108, 1110-12 (1989), aff'd o.b., 115 Wash.2d 360, 798 P.2d 294, 295 (1990); State v. Hall, supra, 732 P.2d at 527-28; Britt v. State, 734 P.2d 980 (Wyo. 1987); see also State v. Belton, 190 Conn. 496, 461 A.2d 973, 978-79 (1983). Contra State v. Befford, 148 Ariz. 508, 715 P.2d 761 (1986).
In this case, the State's evidence was more than sufficient to show that defendant was armed during the course of the burglary. The pretrial statement of defendant's confederate, Curtis Little, indicated that defendant and the other perpetrators handled the weapons as they were removing them from the victim's home. Consequently, the weapons would have been readily available for the burglars to use if the victim or the police had interrupted them while they were committing the offense. Cf. State v. Des Marets, supra, 92 N.J. at 70, 455 A.2d 1074 ("while an individual may have no intent to use a gun when he embarks upon a course of criminal conduct, this resolution could change under the pressure of ensuing events").
We further note that the trial court instructed the jury that:
"Armed" means that the defendant possessed the deadly weapon or that he was furnished or equipped with a deadly weapon; that is, that was available for his use. [Emphasis added].
Although a more detailed instruction would have been preferable, this instruction is consistent with our interpretation of the term "armed" and under the circumstances of this case was adequate.

II
We also reject defendant's argument that the trial court erred in instructing the jury regarding the inference that a person who possesses recently stolen items is the thief because the inference is inapplicable where the accused is found in joint *432 possession of the property.[2] We recognize that there are cases which describe the inference as applying only if the possession of stolen property is "unexplained and exclusive," see State v. Dancyger, 29 N.J. 76, 85, 148 A.2d 155, cert. denied, 360 U.S. 903, 79 S.Ct. 1286, 3 L.Ed.2d 1255 (1959). However, this does not mean that the inference is inapplicable where the evidence would support a finding that a defendant and other alleged perpetrators were in joint possession of the stolen property. Although there does not appear to be any New Jersey case directly on point, it is widely recognized in other jurisdictions that the "exclusive possession" of recently stolen property required to support an inference that the possessor is the thief may be "joint possession" with the other alleged perpetrators. See, e.g., United States v. Johnson, 563 F.2d 936, 941-42 (8th Cir.1977), cert. denied, 434 U.S. 1021, 98 S.Ct. 746, 54 L.Ed.2d 768 (1978); State v. Cobb, 444 S.W.2d 408, 412 (Mo. 1969); Flamer v. State, 227 A.2d 123, 126-27 (Del. 1967); People v. Haggart, 188 Colo. 164, 533 P.2d 488, 491 (1975); Snyder v. State, 661 P.2d 638, 641-42 (Alaska Ct. App. 1983); People v. Umphers, 133 Ill. App.2d 853, 272 N.E.2d 278, 280 (1971); see generally 3 Wharton's Criminal Law § 340 at 225 (C. Torcia 14th ed. 1980); Annotation, What Amounts to "Exclusive" Possession of Stolen Goods to Support Inference of Burglary or Other Felonious Taking, 51 A.L.R.3d 727, 733-37 (1973). As the court correctly observed in Flamer v. State, supra, 227 A.2d at 127:
[T]he requirement that possession must be "exclusive," in order to incriminate, does not mean that the possession must necessarily be separate from all others. An "exclusive possession" may be the joint possession of two or more acting in concert. Where the only persons having control of, or access to, the stolen *433 property are the defendant and his co-conspirators, joint possession of the stolen property may incriminate the defendant as well as his confederates.
To the same effect, Wharton's Criminal Law notes that:
The requirement that a defendant's possession be "exclusive" does not mean that it must be separate from all others. Possession may be `exclusive" even though it is the joint possession of two or more persons acting in concert. [3 Wharton's Criminal Law, supra, § 340 at 225 (footnote omitted)].
These authorities are consistent with New Jersey cases which have recognized in other contexts that possession of stolen property may be joint. See, e.g., State v. McCoy, 116 N.J. 293, 299-300, 561 A.2d 582 (1989); State v. Brown, 80 N.J. 587, 597-98, 404 A.2d 1111 (1979). Consequently, the fact that defendant was found in joint possession of stolen property did not make it inappropriate for the court to instruct the jury that "unexplained possession of stolen property shortly after the theft is ordinarily a circumstance from which you may reasonably draw the inference and find, in light of the surrounding circumstances shown by the evidence, that the possessor is the thief."
Furthermore, we perceive no prejudice as a result of the trial court's failure to instruct the jury that possession of stolen property must be "exclusive" in order for the inference to be drawn. The trial court gave the jury detailed instructions regarding the inference which could be drawn from the fact that defendant was only a passenger in the vehicle in which the stolen property was located:
Now, there is likewise another inference which you are permitted to make and that is an inference of "no possession." As to whether or not Mr. Merritt possessed the firearms and television, the law provides you with some additional guidance.
When items are found in an automobile's trunk or other enclosed customary depository, for example, a glove compartment, the jury may infer that the property is possessed by the owner or person who has authority to operate the automobile. In such a case, the jury may further infer that this property is not possessed by other passengers in the automobile. These inferences arise from the concealed location of items in a trunk, from the greater control that an owner or driver has over the trunk of his automobile and from the fact that the trunk is locked and not easily accessible to others.
However, as with the inference I just explained, this is a permissible inference only and not a mandatory inference. You may accept it or reject it, after considering all of the evidence in the case.
*434 This instruction fairly informed the jury of the inference favorable to defendant which could be drawn from the circumstances that the stolen property was in the trunk of the vehicle and that he was only a passenger.[3] In light of this instruction, the omission of the word "exclusive" from the instruction regarding the inference to be drawn from unexplained possession of stolen property could not have prejudiced defendant.

III
Defendant's other arguments are clearly without merit and do not require extended discussion. R. 2:11-3(e)(2).
Defendant argues that the State failed to show that Curtis Little's pretrial recorded statement inculpating defendant satisfied the conditions of admissibility set forth in Evidence Rule 63(1)(a). However the trial court followed the procedure set forth in State v. Gross, 216 N.J. Super. 98, 110-11, 523 A.2d 215 (App.Div. 1987), aff'd, 121 N.J. 1, 17, 577 A.2d 806 (1990), by conducting a Rule 8 hearing. And it concluded, based on the criteria set forth in Gross, 121 N.J. at 9-10, 577 A.2d 806, that Little's statement was made under circumstances establishing sufficient reliability to warrant its admission into evidence. We see no abuse of discretion in this ruling.
Defendant also argues that the prosecutor's summation violated his Sixth Amendment right to counsel and his Fourteenth Amendment due process rights by characterizing the defense as an "Alice in Wonderland" story and implying that defense counsel knew defendant was guilty. However, while some of the prosecutor's summation was improper, we conclude that his statements were not "so egregious that [they] deprived *435 defendant of a fair trial." State v. Ramseur, 106 N.J. 123, 322, 524 A.2d 188 (1987). Consequently, they do not provide grounds for a reversal.
Finally, we reject defendant's argument that the police stop of the vehicle in which he was riding, which ultimately resulted in a consent search that revealed the items stolen from the victim's home, violated the Fourth Amendment to the United States Constitution or Article 1, paragraph 7 of the New Jersey Constitution. The police radio communication that three black males in a Chevrolet had been observed engaging in suspicious activities, together with the fact that the officer who made the stop recognized the driver as a person who did not reside in the area and previously had been arrested for burglary, provided an articulable and reasonable suspicion for believing that the occupants of the vehicle had been or were violating the law.
Affirmed.
NOTES
[1] This interpretation of "armed" is similar to the interpretation which the Supreme Court has accorded "possession" for purposes of application of the mandatory sentencing provisions of the Graves Act. See State v. Stewart, 96 N.J. 596, 601-05, 477 A.2d 300 (1984); State v. Des Marets, 92 N.J. 62, 68-70, 455 A.2d 1074 (1983).
[2] As we noted in State v. Alexander, 215 N.J. Super. 523, 530, 522 A.2d 464 (App.Div. 1987), "[a]lthough the unexplained possession of recently stolen property is not among the express circumstances set forth in the Code which give rise to a presumption of knowledge, see N.J.S.A. 2C:20-7b, the common law rule, which permits such an inference, may still be invoked in prosecutions under the Code."
[3] Our opinion should not be read to indicate that the quoted instruction is required in cases where a passenger of a car is charged with theft of property found in the trunk. We refer to this part of the instructions solely to show that, considered in their entirety, the court's instructions were not prejudicial to the defendant.