NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER ROBLES, *Appellant.*

No. 1 CA-CR 15-0504
FILED 11-10-2016

Appeal from the Superior Court in Maricopa County
No.  CR2012-120223-001
The Honorable Roland J. Steinle, III, Judge (retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

_____

**O R O Z C O**, Judge:

**¶1**      Christopher Robles (Defendant) appeals his convictions and sentences for two counts of aggravated assault and one count of resisting arrest. For the following reasons, we affirm.

**FACTS[1] AND PROCEDURAL HISTORY**

**¶2**      Phoenix motorcycle police officer Kanavel conducted a traffic stop on a vehicle that Defendant was driving. Using the information on Defendant's identification card, Kanavel conducted a records check and learned Defendant had outstanding arrest warrants. Kanavel requested a patrol unit to transport Defendant to jail, and he returned to Defendant's vehicle. Defendant then exited the vehicle and fled on foot. Kanavel ran after Defendant.

**¶3**      Kanavel eventually apprehended Defendant and "took him down to the ground." Defendant physically resisted Kanavel's attempts to restrain him, and the two began scuffling on the ground. Defendant rose to his feet and grabbed Kanavel's holstered handgun. Defendant began "tugging on both the holster and the pistol trying to gain control of it." Kanavel feared Defendant would get the gun out of the holster and "use it on [him]."

**¶4**      After dislodging Defendant's hand from the pistol grip, Kanavel drew his firearm and shot Defendant in the leg. Defendant grabbed the gun barrel with both hands and pulled Kanavel to his feet. Defendant continued pulling the barrel, and Kanavel, holding his firearm with only one hand, again feared Defendant would get control of the weapon and shoot him. Unable to "pull it back out of [Defendant's] hand,"

_____

[1]     "We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant." *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

Kanavel "went forward with [Defendant's] motion and pressed the weapon into his chest and pulled the trigger." The gun did not fire, and Defendant fled. Police officers responding to Kanavel's call for transportation apprehended Defendant and took him into custody. Kanavel received multiple scrapes, abrasions, and bruises from the struggle with Defendant.

**¶5** The State charged Defendant with two counts of aggravated assault, one a class 2 dangerous felony (Count 1), the other a class 3 dangerous felony (Count 3), and resisting arrest, a class 6 felony (Count 2). The State also alleged prior felony convictions, historical prior convictions, and other aggravating circumstances. The jury found Defendant guilty as charged, determined Counts 1 and 3 were dangerous offenses and, as an aggravating factor regarding those counts, found the State proved the offenses involved the infliction or threatened infliction of serious physical injury. The court imposed concurrent sentences of imprisonment, the longest being aggravated 13-year terms for Counts 1 and 3. Defendant filed a delayed notice of appeal after the court permitted him to do so. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, and 13-4033.A.1. (West 2016).[2]

## DISCUSSION

### I. Sufficiency of Evidence: Aggravated Assault Count 1

**¶6** Defendant argues that evidence of his attempt to gain control over Kanavel's weapon was insufficient to show he "used" a handgun as required to support his conviction on Count 1.

**¶7** We review a claim of insufficient evidence de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Sufficient evidence may be direct or circumstantial and "is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Borquez*, 232 Ariz. 484, 487, ¶ 9 (App. 2013) (internal quotations and citations omitted). "To set aside a jury verdict for insufficient evidence it must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316 (1987).

---

[2] Absent material changes from the relevant date, we cite a statute's current version.

¶8 As charged in Count 1, a person commits aggravated assault by using a deadly weapon to intentionally place another person in reasonable apprehension of imminent physical injury. A.R.S. §§ 13-1203.A.2, -1204.A.2. By definition, a firearm is a deadly weapon. A.R.S. § 13-105.15. If the victim is a peace officer, the offense is a class 2 felony. A.R.S. § 13-1204.E. At trial, the State referred to Defendant's grabbing and pulling the barrel of Kanavel's gun as evidence of Defendant's use of the weapon to warrant a conviction on Count 1.[3]

¶9 Defendant contends that, because he never gained exclusive control over Kanavel's firearm, he was unable to "use" it as contemplated by A.R.S. § 13-1204.A.2.

¶10 We interpret statutes de novo. *State v. Neese*, 239 Ariz. 84, 86, ¶ 8 (App. 2016). When the language of a statute is clear, "we need not look further to determine the statute's meaning and apply its terms as written." *State v. Lee*, 236 Ariz. 377, 383, ¶ 16 (App. 2014).

¶11 To the extent Defendant contends he was required to shoot the weapon to satisfy the use requirement, we reject that contention. Arizona law does not require a person to fire a gun to be guilty of aggravated assault. Indeed, an unloaded gun, if used in an assault can elevate the offense to aggravated assault. A.R.S. § 13-105.19 (a "Firearm" means "any loaded or unloaded handgun").

¶12 We find sufficient evidence in the record of Defendant's use of a deadly weapon. Kanavel testified that Defendant grabbed and pulled his gun barrel, and Kanavel "was thinking that [Defendant] was going to be able to get the weapon from my hand." Kanavel further testified that he was afraid of Defendant "us[ing] it on me once he got it away from me." By intentionally grabbing and pulling on the holster and barrel of Kanavel's gun, Defendant used the gun to place the officer in reasonable apprehension of being shot and sustaining a serious physical injury. *See State v. Morgan*, 128 Ariz. 362, 368 (App. 1981) (holding that a defendant

---

[3] Count 3 alleged that Defendant "knowing or having reason to know that . . . Kanavel was a peace officer . . . and is engaged in the execution of any official duties intentionally placed . . . Kanavel in reasonable apprehension of imminent physical injury by knowingly taking or attempting to exercise control over a peace officer's firearm[.]" At trial, the State argued for a conviction on Count 3 based on Defendant's attempt to take Kanavel's gun out of the holster when the two began struggling.

"need only intentionally act using a deadly weapon or dangerous instrument so that the victim is placed in reasonable apprehension of imminent physical injury" to be convicted of aggravated assault).

¶13        Moreover, although Defendant did not have exclusive use of the weapon, nothing in § 13-1204.A.2 requires a defendant to have exclusive control or possession of a gun for an aggravated assault to occur. We will not create a limitation in the statute that the legislature did not write. *See Hart v. Hart*, 220 Ariz. 183, 187, ¶ 17 (App. 2009) ("[S]tandard principles of statutory construction require that we do not judicially impose a requirement the legislature has intentionally chosen not to require.").

¶14        Finally, Defendant's reliance on *State v. Befford*, 148 Ariz. 508 (1986) and *State v. Romero*, 135 Ariz. 102 (App. 1982) is misplaced. In those cases, the supreme court and this court did not construe "use" in the context of deadly weapon aggravated assault; rather, the courts addressed the first-degree burglary statute, A.R.S. § 13-1508.A, which at the time required the State to prove a defendant was "armed with . . . a deadly weapon." *Befford*, 148 Ariz. at 509; *Romero*, 135 Ariz. at 104. *Befford* and *Romero* are, therefore, inapplicable. Additionally, the legislature amended § 13-1508.A in 1988 to its present form by replacing "armed with" to "knowingly possess," eliminating the "armed with" language. 1988 Ariz. Sess. Laws, ch. 241 (2nd Reg. Sess.).

¶15        Substantial evidence established Defendant used a deadly weapon to commit an assault on officer Kanavel. Accordingly, sufficient evidence supports Defendant's conviction on Count 1.[4]

## II.    Sentencing

¶16        Defendant argues his sentences for Counts 1 and 3 are unlawful because the court used the jury's finding of dangerousness based on infliction of serious injury to enhance the sentences pursuant to A.R.S. § 13-704 and as an aggravating factor pursuant to A.R.S. § 13-701.

---

[4]        We summarily reject Defendant's argument that, because he attempted to take Kanavel's firearm—which is another form of assault under A.R.S. § 13-1204.A.9(a)—Defendant did not use it to commit aggravated assault. Defendant's attempt to take the officer's gun from its holster during the initial struggle formed the basis for his conviction on Count 3, not Count 1. *See supra* note 3, at ¶ 8. That is, Defendant committed two different criminal offenses, each stemming from a separate act.

¶17        However, the State alleged Defendant committed several prior felonies as an aggravating factor. At trial, Defendant admitted to two prior felonies. At sentencing, the trial court relied on Defendant's prior felonies as a "substantial aggravator." After considering mitigating and aggravating factors, the court sentenced Defendant to a slightly aggravated term of thirteen years' incarceration. Based on Defendant's admission, the trial court had authority to find his prior felony convictions as aggravating circumstances to increase the sentence. *See* A.R.S. § 13-701.D.11. By admission, Defendant exposed himself to the maximum term permitted under A.R.S. § 13-704. *See* A.R.S. § 13-701.C; *State v. Estrada*, 210 Ariz. 111, 120-21, ¶ 25 (App. 2005) ("[T]he existence of a single aggravator authorizes a judge (in his or her discretion) to impose a sentence up to the statutory maximum."). The trial court sentenced Defendant accordingly.

## CONCLUSION

¶18        Defendant's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA